**Mi Huang CHEN, Long Jiang Lin Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE Respondent.**

No. 04–1962–AG.

United States Court of Appeals, Second Circuit.

Dec. 5, 2005.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Bruce A. Khula, Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: NEWMAN, JACOBS, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Mi Huang Chen and Long Jiang Lin, natives and residents of China, petition for review from the denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) *Diallo v. Ashcroft,* 232 F.3d 279, 288 (2d Cir.2000)

The IJ determined that the problematic portion of this case is what allegedly occurred in China in 1996. He noted that the documentation regarding the alleged abortion is worthy of little weight. In support of their claim of past persecution, Chen and Lin submitted an abortion certificate. The hearing transcript shows that Lin was asked several times whether she had any proof of her abortion, aside from her scars, and each time she responded in the negative. When confronted with a certificate she stated that she had not understood the question.

It was not unreasonable for Lin to obtain documentary evidence regarding her alleged 1996 abortion. Lin did not explain why she was unable to obtain such documentary evidence. The IJ noted that it would be reasonable for Lin to have consulted an OB/GYN to look at her scars and advise the court whether those scars are consistent with the type of procedure that Lin claimed to have.

The IJ determined that, while he was convinced that a coercive population control policy can be strictly enforced, there was no convincing evidence in the background material that by having one child, a girl, the most severe application of coercive population control would be applied to Chen and Lin. In this case, Chen and Lin did not present strong evidence in opposition to the country reports. *See Chen v. U.S.I.N.S.*, 359 F.3d 121, 130 (2d. Cir. 2004). The only documentation they presented to the court to corroborate their claim was the abortion certificate that was properly discredited by the IJ. These reasons provide substantial evidence supporting the IJ's decision.

The standard for withholding of removal is more stringent than that governing eligibility for asylum; therefore, Chen, having failed to establish a well-founded fear of persecution for asylum purposes is necessarily ineligible for withholding of removal. *See Ramsameachire*, 357 F.3d at 178.

■ CAT relief requires that an applicant show that she would more likely than not be tortured, but does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004). Here, substantial evidence supports the IJs finding that Chen and Lin provided no support for their claim that they would likely be tortured upon return to China.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).